**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LADONNA DEGAN, RIC TERRONES,** | § | |
| **JOHN MCGUIRE, REED HIGGINS,** | § | |
| **MIKE GURLEY, and LARRY EDDINGTON** | § | |
| **Individually and collectively on behalf of** | § | |
| **those similarly situated.** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-66** |
| | § | |
| **THE BOARD OF TRUSTEES OF** | § | |
| **THE DALLAS POLICE AND FIRE** | § | |
| **PENSION SYSTEM; SAMUEL FRIAR,** | § | |
| **KEN HABEN, JOE SCHUTZ,** | § | |
| **GERALD BROWN, CLINT CONWAY,** | § | |
| **JENNIFER STAUBACH GATES,** | § | |
| **SCOTT GRIGGS, BRIAN HASS,** | § | |
| **THO TANG HO, PHILIP T. KINGSTON,** | § | |
| **KEN SPRECHER, and ERIK WILSON,** | § | |
| **each in their individual and official** | § | |
| **capacity as Trustees,** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFFS' VERIFIED ORIGINAL COMPLAINT AND**
**APPLICATION FOR PRELIMINARY INJUNCTION**

COME NOW Plaintiffs LaDonna Degan, Ric Terrones, John McGuire, Reed Higgins,

Mike Gurley, and Larry Eddington, and file this Original Complaint complaining of

Defendants The Board Of Trustees of the Dallas Police and Fire Pension System (the

"Board"), and Samuel Friar, Ken Haben, Joe Schutz, Gerald Brown, Clint Conway, Jennifer

Staubach Gates, Scott Griggs, Brian Hass, Tho Tang Ho, Philip T. Kingston, Ken Sprecher,

and Erik Wilson, each in the individual and official capacity as Trustees (collectively

"Trustees").

## A.      PARTIES

1.      Plaintiff, LaDonna Degan, is an individual who is a retired Dallas police officer and has money in a Deferred Retirement Option Program ("DROP") account.

2.      Plaintiff, Ric Terrones, is an individual who is a retired Dallas police officer and has money in a DROP account.

3.      Plaintiff, John McGuire, is an individual who is a retired Dallas police officer and has money in a DROP account.

4.      Plaintiff, Reed Higgins, is an individual who is a retired Dallas police officer and has money in a DROP account.

5.      Plaintiff, Mike Gurley, is an individual who is a retired Dallas police officer and has money in a DROP account.

6.      Plaintiff, Larry Eddington, is an individual who is a retired Dallas police officer and has money in a DROP account.

7.      Defendant Board of Trustees of the Dallas Police and Fire Pension System is the governing body of the Dallas Police and Fire Pension System, a public retirement system pursuant to Tex. Gov't Code § 810.001, and may be served with citation by serving its Chairman of the Board, Samuel L. Friar, at its home office of 4100 Harry Hines Boulevard, Suite 100, Dallas, Texas 75219, or wherever he may be found.

8.      Defendant Samuel Friar is sued as an individual and in his official capacity as a Trustee and Chairman of the Board of the Dallas Police and Fire Pension System, and may be served at his residence at 8617 Vatican Drive, McKinney, Collin County, Texas 75071, or wherever he may be found.

9.    Defendant Ken Haben is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 2420 Pinehurst Drive, Flower Mound, Denton County, Texas 75028, or wherever he may be found.

10.    Defendant Joe Schutz is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at the Board's home office of 4100 Harry Hines Boulevard, Suite 100, Dallas, Texas 75219, or wherever he may be found.

11.    Defendant Gerald Brown is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 613 Wellington Road, Coppell, Dallas County, Texas 75019, or wherever he may be found.

12.    Defendant Clint Conway is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 10090 County Road 4028, Kemp, Kaufman County, Texas 75143, or wherever he may be found.

13.    Defendant Jennifer Staubach Gates is sued as an individual and in her official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at her residence at 4914 Keyhole Lane, Dallas, Dallas County, Texas 75229, or wherever she may be found.

14.    Defendant Scott Griggs is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at Dallas City Hall, 1500 Marilla Street, Room 5FS, Dallas, Texas 75201, or wherever he may be found.

15.     Defendant Brian Hass is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 5805 Brookhill Lane, Frisco, Denton County, Texas 75034, or wherever he may be found.

16.     Defendant Tho Tang Ho is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 3110 Kingsbury Drive, Richardson, Collin County, Texas 75082, or wherever he may be found.

17.     Defendant Philip T. Kingston is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 5901 Palo Pinto Avenue, Dallas, Dallas County, Texas 75206, or wherever he may be found.

18.     Defendant Ken Sprecher is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 601 Colby Drive, Mansfield, Tarrant County, Texas 76063, or wherever he may be found.

19.     Defendant Erik Wilson is sued as an individual and in his official capacity as a Trustee of the Dallas Police and Fire Pension System, and may be served at his residence at 7942 Jubilant Drive, Dallas, Dallas County, Texas 75237, or wherever he may be found.

## B.     JURISDICTION

20.     This is a suit brought pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## C.     VENUE

21.     Venue is proper in this district and division under 28 U.S.C. § 1391(b)(1) because it is the district in which one or more defendants resides. The Dallas Police and Fire

Pension System (the "Pension System") provides comprehensive retirement, death, and disability benefits for approximately 9,300 City of Dallas Police Officers, Fire Fighters and their Qualified Survivors throughout the Dallas City limits.  The Board of Trustees of the Dallas Police and Fire Pension System is the governing body of the Pension System.  The decisions made by the Board which are being challenged in this case affect members of the system within the municipal boundary of the City of Dallas.  The municipal boundary of the City of Dallas extends into Collin County and Denton County which are in the federal Eastern District of Texas, Sherman Division.  As a result, the Dallas Police and Fire Pension System is an entity subject to the Court's personal jurisdiction and it is deemed to reside in the Federal Eastern District of Texas.  28 U.S.C. §1391(c)(2).  Further, several of the Trustees, being sued individually and in their official capacities reside in Collin and Denton Counties, which are both part of the federal Eastern District of Texas. Therefore, venue is proper in this Court because one or more defendants reside in the federal Eastern District of Texas, Sherman Division.  28 U.S.C. §1391(b)(1).

### D.      FACTS

22.      DROP was created by the City of Dallas (the "City") as a benefit to retain senior public safety personnel and encourage them to serve the City longer. When an employee becomes eligible for retirement, the employee may opt to continue working at full pay, while the pension benefits he would have received as a retiree at that time are frozen in amount, credited to a DROP account, held in trust by the System, and earn interest. The funds in the DROP account are then distributed upon request, subject to the Internal Revenue Code, once a participant leaves active service and is a retiree for all purposes.

23.    When Plaintiffs joined DROP, they were promised – in exchange for their decision to remain on duty and serve as senior officers of the police force – their monthly pension benefits for which they were eligible would be credited to their DROP account, receive interest, and would be distributed according to their request, as allowed by statute. Tex. Rev. Civ. Stat. § 6243a-1.

24.    In 2016, after reports that the Pension System's investments were mismanaged and the Board was looking into ways to cut future benefits, and, in fact, DROP interest rates were reduced, a number of DROP account holders began to withdraw their monies. The rate of withdrawals drastically increased after reports of the City's planned methods to change distributions, including possible "clawback" of interest previously earned by members on their DROP accounts.

25.    Mayor Rawlings acknowledged the harsh nature of the City's proposed plan for the System when on April 22, 2016, he accepted the resignation of City Council member Lee Kleinman from the Board due to the potential conflict with his fiduciary duty to the Pension System's members. *Exhibit A*. Nevertheless, Defendants eventually caved to Mayor Rawlings' demand to stop all withdrawals of DROP funds. *Exhibits B* and *C*.

26.    On December 8, 2016, the Board "directed staff to immediately cease DROP distributions except those necessary to satisfy required minimum distribution payments." *Exhibit C*. In addition, the Board indicated it would adopt changes to the DROP policy at a later date, without specification of when distributions would resume or how they would be reinstated.

27.    On January 12, 2017, the Board adopted a DROP Policy Addendum, which provided in part:

Except for required minimum distributions and unforeseeable emergency withdrawals as provided in Section 6, **no DROP withdrawals will be available before March 31, 2017...**

As of the effective date of this Addendum, all DROP withdrawal requests on file with DPFP, including requests for both lump sum payments and monthly installments, shall be **null and void**...

*Exhibit D*, DROP Policy Addendum, effective January 12, 2017, pp. 5, 6. The policy provides three basic mechanisms for receiving distributions beginning March 31, 2017 – (1) pro rata share of a monthly "distribution pool" to be determined by the Board, (2) a minimum annual distribution of $30,000 for 2017, and $36,000 for subsequent calendar years, and (3) distributions on account of unforeseeable emergency. *Exhibit D*, pp. 7-12.

28.     Each Plaintiff currently has funds in their DROP accounts. The monies in the DROP accounts consist of pension payments that were earned and credited to Plaintiffs' DROP accounts when they were eligible to retire, but elected to remain active employees, or after they left active service, plus interest accrued, as contemplated and provided for by the City in developing the DROP program. By depriving Plaintiffs of these funds, Defendants are depriving them of their property.

29.     Plaintiff Degan is as a retiree, who requested a lump sum distribution of certain funds from her DROP account to cover expenses for her daughter's medical school education. Due to Defendants' actions, Degan has been denied access to and deprived of those funds.

30.     Plaintiff Terrones retired from active service with the Dallas Police Department in October 2014, and has funds in a DROP account. Terrones elected to and has

received monthly distributions from his DROP account since his retirement, and subsequent to the Board's actions complained of, was denied his request to roll over the remainder of the funds in his DROP account to an IRA.

31.     Plaintiff McGuire is a recent retiree who requested distribution of funds from his DROP account. Defendants have, however, deprived him of access to his DROP funds and denied his request to roll over the funds in his DROP account to an IRA.

32.     Plaintiff Higgins is a retiree who regularly withdraws sums from his DROP account to supplement his pension income and his wife's recently-reduced income. Higgins has now been deprived of additional funds in his DROP account by Defendants' actions.

33.     Plaintiff Gurley is a retiree, who, prior to the Board's January 12, 2017 decision, requested a lump sum distribution to cover his daughter's college tuition expenses. Due to the Board's actions, Gurley was and continues to be denied access to his DROP funds.

34.     Plaintiff Eddington began working for the City in 1967. He joined DROP in 1997 and fully retired from active service in 1999. Plaintiff Eddington has received monthly distributions from DROP to supplement his pension income and pay living expenses. The policy adopted by the Board on January 12, 2017, will not allow him to continue to receive the same amounts in monthly distributions.

35.     The monies that constitute the corpus of each Plaintiff's DROP account includes monies that Plaintiffs would have received, as a monthly pension, if they had retired at the time they entered DROP, rather than continuing in active service. In Defendants' own words, "it's the pension that they had accrued at that time that becomes untouchable at the time that they retire." *See Exhibit E*, Trial Transcript Vol. I, 26:9-11, *Eddington v. Dallas Police and Fire Pension System*, (No. DC-14-12001, 116th Judicial

District of Dallas County) (Dec. 22, 2014). As they were enticed to do by the City, Plaintiffs continued to work for the City years after they reached retirement eligibility while their pension funds were placed in their DROP accounts. Now that Plaintiffs have fully retired, their DROP funds are to be distributed to them pursuant to statutory provisions, and Plaintiffs have a vested property right in the monies in their DROP accounts. Defendants then, through the actions of the Board on December 8, 2016, and January 12, 2017, took away those property rights without due process being afforded to Plaintiffs.

36.    Not only are Plaintiffs' funds held in their DROP accounts protected from deprivation as common law property interests, but they are also specifically protected by the Texas Constitution. The Texas Constitution provides:

> (d) On or after the effective date of this section, a change in service or disability retirement benefits or death benefits of a retirement system may not reduce or otherwise impair benefits accrued by a person if the person:
> (1) could have terminated employment or has terminated employment before the effective date of the change; and
> (2) would have been eligible for those benefits, without accumulating additional service under the retirement system, on any date on or after the effective date of the change had the change not occurred.
>
> (e) Benefits granted to a retiree or other annuitant before the effective date of this section and in effect on that date may not be reduced or otherwise impaired.
>
> (f) The political subdivision or subdivisions and the retirement system that finance benefits under the retirement system are jointly responsible for ensuring that benefits under this section are not reduced or otherwise impaired.

Tex. Const. Art. XVI, § 66. Plaintiffs' DROP funds are clearly protected by this provision, and, as quoted above, Defendants have, in fact, recognized that protection.

## E.     CLASS ALLEGATIONS

37.     The facts set forth herein are equally applicable to all retirees and survivors and beneficiaries of retirees of the Dallas Police and Fire Pension System that have been denied or may be denied access to funds in their DROP accounts by the action of Defendants. Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs may sue on behalf of all those similarly situated because the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, Plaintiffs' claims are typical of the claims of the class, and Plaintiffs will fairly and adequately protect the interests of the class.

## F.     CAUSE OF ACTION I - Violation of the United States Constitution:
### Fourteenth Amendment
### Procedural and Substantive Due Process
### Deprivation of Property Interest
### *(42 U.S.C. § 1983)*

38.     Plaintiffs re-state, re-plead, and re-allege the previous paragraphs as if fully set forth verbatim.

39.     Plaintiffs have a vested property right in the funds held in their DROP accounts. Property interests include monies, and such property rights vest 'when it has some definitive, rather than merely potential existence.' *Consumer Serv. Alliance of Tex., Inc. v. City of Dallas*, 433 S.W.3d 796, 805-06 (Tex. App.—Dallas 2014, no pet.). Through their years of arduous work for the City and its citizens, Plaintiffs acquired a property interest in their respective retirement pensions. The right to such pensions is also specifically provided for by the Texas Constitution and statute. *See* Tex. Const. Art. XVI, § 66; Tex. Rev. Civ. Stat. § 6423a-1. Plaintiffs' interests in their DROP accounts are definitive based on their

retirement status and the protection given those accounts both under the common law and by the Texas Constitution.

40.     By severely limiting distributions of DROP funds and denying access to Plaintiffs of their full DROP accounts, Defendants deprived Plaintiffs of their property interest in violation of the due process clause of the 14th Amendment to the U.S. Constitution.

41.     Defendants' actions have deprived Plaintiffs of access to their DROP funds, without any meaningful opportunity to be heard in connection with same, and when there were other available methods for Defendants to distribute such funds.

### G.      APPLICATION FOR PRELIMINARY INJUNCTION

42.     Plaintiffs re-state, re-plead, and re-allege the previous paragraphs as if fully set forth verbatim.

43.     Defendants' actions on December 8, 2016 and January 12, 2017, denied Plaintiffs access to their DROP funds. Plaintiffs will likely suffer imminent and irreparable injury if Defendants are not immediately ordered to allow Plaintiffs access to the funds held in their DROP accounts and restrained from withholding these funds. Plaintiffs have a property interest in the funds held in their DROP accounts. Plaintiffs need immediate access to these funds for necessary living expenses and have been harmed by Defendants' withholding of those funds and will be irreparably harmed in not being able to meet their financial obligations or otherwise invest these funds if Defendants are not restrained. Though Plaintiffs seek damages in this suit regarding Defendants' unlawful violation of

their due process rights, there is no adequate remedy at law with respect to the DROP distributions that are currently being withheld by Defendants.

44.    Plaintiffs have demonstrated a substantial likelihood they will prevail on the merits as Plaintiffs have shown that they have a property interest in and a Constitutional right to their retirement funds held in their DROP accounts.

45.    The threatened harm to Plaintiffs outweighs the harm that a preliminary injunction would inflict on Defendants, as the Pension System has sufficient assets to distribute DROP funds.

46.    Issuance of a preliminary injunction would not adversely affect the public interest and would promote public policy because it would allow for those who served the City of Dallas for a substantial number of years to continue to receive the funds they earned and on which they rely.

47.    Therefore, Plaintiffs ask this Court to issue a preliminary injunction compelling Defendants to continue distributions to DROP participants and preventing Defendants from withholding those distributions, and set their request for a preliminary injunction for hearing at the earliest possible time.

## H.    DAMAGES

48.    Plaintiffs invested significant time, energy, money, and resources into the retirement funds now held in the DROP accounts.

49.    As a result of Defendants' actions, Plaintiffs were prevented from being able to access those funds for, among other things, to make strategic investments and meet their ongoing financial obligations, contrary to Plaintiffs' property rights in those funds.

50.   As a proximate result of Defendants' conduct, Plaintiffs have suffered damages, including interest and fee expenses and the cost of alternative financing sources.

51.   Plaintiffs also seek punitive damages against Defendants, Samuel Friar, Ken Haben, Joe Schutz, Gerald Brown, Clint Conway, Jennifer Staubach Gatses, Scott Griggs, Brian Hass, Tho Tang Ho, Philip T. Kingston, Ken Sprecher, and Erik Wilson, arising from their willful and deliberate violation of Plaintiffs' constitutional rights.

## PRAYER

For the foregoing reasons, Plaintiffs respectfully request that judgment be rendered granting them actual, compensatory and punitive damages as aforesaid, preliminary injunctive relief, reasonable attorneys' fees under 42 U.S.C. § 1988, costs of suit, and all other relief to which they may show themselves justly entitled.

Respectfully submitted,

FELDMAN & FELDMAN, P.C.


_/s/ David M. Feldman_
DAVID M. FELDMAN
Federal Bar No. 2994
State Bar No. 06886700
David.Feldman@feldman.law
3355 West Alabama Street, Suite 1220
Houston, Texas 77098
Phone: (713) 986-9471
Facsimile: (713) 986-9472

ATTORNEYS FOR PLAINTIFFS

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally appeared David Feldman, and after being by me duly sworn on his oath stated that he has read the foregoing Plaintiffs' Verified Original Complaint and Application for Preliminary Injunction, that the factual statements contained therein are based on his personal knowledge and are true and correct, and that the exhibits attached to the complaint are true and correct copies of the originals.

_____
David Feldman

SWORN TO AND SUBSCRIBED TO on the 27th day of January 2017.

_____
Notary Public in and for
the State of Texas

BRANDI CLARK
Notary Public, State of Texas
Comm. Expires 02-25-2018
Notary ID 128181983