# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LADONNA DEGAN, RIC TERRONES, JOHN MCGUIRE, REED HIGGINS, MIKE GURLEY, and LARRY EDDINGTON<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE DALLAS POLICE AND FIRE PENSION SYSTEM, SAMUEL FRIAR, KEN HABEN, JOE SCHUTZ, GERALD BROWN, CLINT CONWAY, JENNIFER STAUBACH GATES, SCOTT GRIGGS, BRIAN HASS, THO TANG HO, PHILIP T. KINGSTON, KEN SPRECHER, and ERIK WILSON | § § § § § § § § § § § § § § § § | Civil Action No. 4:17-cv-066-ALM<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is The Board of Trustees of the Dallas Police and Fire Pension System, Samuel Friar, Ken Haben, Joe Schutz, Gerald Brown, Clint Conway, Brian Hass, Tho Tang Ho, and Ken Sprecher's Motion to Transfer Venue (Dkt. #46). The Court, having considered the relevant pleadings, finds the motion is granted.

## BACKGROUND

The Dallas Police and Fire Pension System ("System") is a public pension fund created by the Texas Legislature. The System delivers retirement, disability, and death benefits to the police officers and firefighters of the City of Dallas under the terms of a Combined Pension Plan Document (the "Plan"). One aspect of the Plan is a Deferred Retirement Option Plan ("DROP"), which was created to encourage officers and firefighters eligible for retirement to stay in active service. DROP permits an active member who is eligible to receive a monthly retirement annuity to continue working and receive a salary, while simultaneously having the annuity amount they

would have received after retirement credited to a DROP account maintained within the System. These credits accumulate interest. When a DROP participant leaves active service, he or she may either leave all or a portion of the accumulated funds in the DROP account, where they continue to accrue interest, or withdraw all or a portion of the funds using procedures provided for under the Plan. In 2016, the System began to experience an increase in lump-sum withdrawals from DROP accounts, causing liquidity issues. In December 2016, Dallas Mayor Mike Rawlings publicly demanded an immediate suspension of all DROP distributions and filed a lawsuit in state court in Dallas County seeking injunctive relief. In January 2017, the Board of Trustees of the Dallas Police and Fire Pension System (the "Board") made policy changes governing withdrawals from DROP accounts by implementing an addendum that limits DROP distributions to maintain a liquidity reserve.

On January 30, 2017, retired police officers LaDonna Degan, Ric Terrones, John McGuire, Reed Higgins, Mike Gurley, and Larry Eddington (collectively, "Plaintiffs") sued the Board and twelve individual trustees on the Board (collectively, "Defendants") in this Court. Plaintiffs allege the Defendants are depriving them of property interests without due process by denying them full access to their DROP accounts. On March 24, 2017, Defendants filed this Motion to Transfer Venue (Dkt. #46). On April 21, 2017, Plaintiffs filed a response (Dkt. #53). On April 28, 2017, Defendants filed a reply (Dkt. #57).

**LEGAL STANDARD**

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a), which permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate

2

motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of 28 U.S.C. § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense…'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The U.S. Supreme Court has held that "when the parties have agreed to a *valid* forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (emphasis added). The U.S. Supreme Court made clear that its "analysis pre suppose[d] a contractually valid forum selection clause." *Id.* at 581 n.5. The inquiry into a clause's validity and scope thus precedes the question of transfer pursuant that clause. *See, e.g.*, *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, No. 2:14-CV-00019, 2014 WL 7240050, at *1–2 (E.D. Tex. Dec. 19, 2014) ("[T]he *Atlantic Marine* analysis . . . presupposes a valid contract and a dispute that unquestionably falls within the scope of that contract."); *In re Union Elec. Co.*, 787 F.3d 903, 907 (8th Cir. 2015) (citing with approval a lower court's preliminary determination of a forum selection clause's validity); *Ashmore v. Allied Energy, Inc.*, No. 8:14-CV-00227-JMC, 2015 WL 128596, at *3 (D.S.C. Jan. 9, 2015) (noting that a "[c]ourt must first determine whether the forum selection clause is valid under federal law" (internal quotations omitted)); *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1042 (D. Minn. 2015) (treating a relevant forum selection clause's validity as a threshold question on a motion to transfer). If the court concludes that the forum selection clause is applicable, the usual § 1404 analysis is altered in two relevant ways: (1) the plaintiff's choice of forum merits no weight, and (2) the district court should consider arguments about public interest factors only. *Atl. Marine*, 651 U.S. at 581–82. "Because [the public

interest factors] will rarely defeat a transfer motion, the practical result is that forum selection clauses should control except in unusual circumstances." *Id.* at 582. In other words, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581. Where a court finds that the forum selection clause is not valid or that the dispute does not fall within the scope of the contract, the typical section 1404 venue transfer analysis comes into play. *See Indus. Print Technologies*, 2015 WL 128596, at *1.

The threshold inquiry when determining transfer eligibility under section 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"). The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

4

## ANALYSIS

Defendants contend the Court should transfer this case to the Northern District of Texas because a valid forum selection clause requires Plaintiffs to bring any lawsuit against the Board "in any courts in the City of Dallas, Dallas County, Texas." Plaintiffs contend the forum selection clause is invalid. Plaintiffs argue in the alternative that even if the Court finds the forum selection clause applicable, the Eastern District of Texas is a proper forum and the balance of private and public factors weighs against transfer.

The forum selection clause at issue is found in the "Administration" part of the Plan at Section 3.01(o). The relevant portion provides: "The System and the Board may only be sued in any courts in the City of Dallas, Dallas County, Texas with proper subject matter jurisdiction" (Dkt. #46, Appendix at 18). Defendants argue, and the Court agrees, that this is a valid forum selection clause. In the Fifth Circuit, mandatory forum selection clauses are presumed valid unless the plaintiff shows the clause is unreasonable under the circumstances. *See Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (explaining that the Fifth Circuit "requires a party attacking a forum selection clause to overcome a presumption of enforceability by showing that the clause is 'unreasonable' under the circumstances").

The Court finds the forum selection clause presumptively reasonable. However, Plaintiffs may avoid enforcement if they can demonstrate unreasonableness. *See id.* Unreasonableness potentially exists where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997). Here, Plaintiffs do not claim the forum selection clause is unreasonable under any of the recognized situations under Fifth Circuit law. Rather, Plaintiffs assert the Court should hold the forum selection clause invalid because Defendants did not reasonably communicate to Plaintiffs the existence of the forum selection clause in the Plan. But Plaintiffs rely on cases outside this circuit and ignore the standard applied in the Fifth Circuit. *See, e.g.*, *Philips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007) (explaining that the first inquiry in determining whether to dismiss a claim based on a forum selection clause in the Second Circuit is "whether the clause was reasonably communicated to the party resisting enforcement"); *Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1244 (11th Cir. 2012) (explaining the Eleventh Circuit utilizes a two-part test of "reasonable communicativeness"). The Fifth Circuit does not require "reasonable communicativeness." In fact, the Fifth Circuit has held that a forum selection clause can bind a plaintiff who never bargained for the clause. *See Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517–20 (5th Cir. 2006) (binding a nonsignatory to a forum selection clause because it benefitted from the underlying contract and noting that "[Plaintiff] cannot embrace the Rules by bringing a claim . . . alleging, in essence, a violation of the [defendant's] Rules without accepting the consequences of those Rules. [Plaintiff] is estopped from denying the entire contract, including the forum selection clause"). Here, as in *Hellenic*, the Plaintiffs are bound to the forum selection clause because they are suing for a violation of the Plan, which provides Plaintiffs with retirement benefits.

Plaintiffs further argue that the forum selection clause is not enforceable because it is not incorporated into the statute that governs the Plan. But Plaintiffs do not provide any authority for an incorporation requirement. Further, the statute grants the Board "full power to make rules and regulations pertaining to . . . the operation of the pension system . . . ." Tex. Rev. Civ. Stat. Ann.

art. 6243a-1 § 3.01(j). Plaintiffs have offered no support to show that every Board decision or regulation must be codified. The Court finds the statute provides an appropriate avenue for the Board—two-thirds of which is elected by members—to approve an enforceable forum selection clause.

Plaintiffs argue in the alternative that even if the forum selection clause is valid, the Eastern District of Texas is a proper venue under the clause. But Plaintiffs ignore the plain language of the forum selection clause, which dictates that Plaintiffs must sue the Board "in any courts *in* the City of Dallas, *Dallas County*, Texas" (emphasis added). Although a portion of the City of Dallas reaches two counties—Collin and Denton—in the Eastern District of Texas, Sherman Division, this Court's jurisdiction does not reach any part of the City of Dallas that is *in Dallas County*. The Court finds Plaintiffs' interpretation of the clause unreasonable in light of the plain, clear language prescribing a Dallas County forum.

The Court finds that the forum selection clause dictates transfer and Plaintiffs have not met their burden in showing that enforcement would be unreasonable or that "extraordinary circumstances" militate against transfer. *Atl. Marine*, 134 S. Ct. at 581–82. A convenience analysis is unnecessary in light of the Court's determination that the forum selection clause is enforceable because "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581. Even if the Court were to conduct a traditional § 1404(a) convenience analysis, the balance would favor transfer. In the Fifth Circuit, courts weigh a number of public and private interest factors to determine whether to transfer a case. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of

laws or in the application of foreign law. *Volkswagen II*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Here, the first factor is neutral because the latest statistics from the Administrative Office of the U.S. Courts show that the Northern District of Texas's median time-to-disposition is 6.7 months, compared to 7.1 months for the Eastern District, while the Northern District's median time-to-trial is 24.3 months, compared to 20.2 months for the Eastern District. *See* Admin. Office of the U.S. Courts, *Federal Court Management Statistics—Comparison Within Circuit—During the 12-Month Period Ending September 30, 2016*, p.5, http://www.uscourts.gov/sites/default/ files/data_tables/fcms_na_distcomparison0930.2016.pdf. The second factor favors transfer because Dallas police and firefighters work in and serve Dallas and the System is headquartered in Dallas. The third and fourth public interest factors are neutral because there is no indication that the Eastern or Northern District of Texas is better equipped to handle Texas pension law or federal civil rights law. Finally, the private interest factors weigh in favor of transfer because a valid forum selection clause exists. *See Atl. Marine*, 134 S. Ct. at 581–82 (holding that private interest factors favor transfer if a valid forum selection clause exists). In sum, no public or private interest factors weigh against transfer and a transfer to Dallas better serves the "interest of justice."

## CONCLUSION

The Court finds that the valid forum selection clause requires Plaintiffs to bring this suit in Dallas. Plaintiffs have neither shown that enforcement of the clause would be unreasonable under the circumstances nor that the convenience factors weigh against transfer.

It is therefore **ORDERED** that The Board of Trustees of the Dallas Police and Fire Pension System, Samuel Friar, Ken Haben, Joe Schutz, Gerald Brown, Clint Conway, Brian Hass, Tho Tang Ho, and Ken Sprecher's Motion to Transfer Venue (Dkt. #46) is hereby **GRANTED**, and this case is transferred in its entirety to the Northern District of Texas, Dallas Division.

**SIGNED this 19th day of May, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE